1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

12

13

14

15

16

17

MARCO ANTONIO VAZQUEZ, SR.;
LETICIA MOSQUEDA VAZQUEZ;
CHRISTINA ELENA VAZQUEZ;
MARIANA CONCEPCION
VAZQUEZ; RAYLENE YVETTE
COSIO; NAOMI MICHELLE COSIO;
CHRISTOPHER JOEL VAZQUEZ;
J.L.V. AND M.A.V., by and through
their guardian ad litem CHRISTINA
ELENA VAZQUEZ,

**Case No.: 2:20-cv-1527-DSF-KSx**

**STIPULATION RE: PROTECTIVE ORDER**

**[DISCOVERY DOCUMENT; REFERRED TO MAGISTRATE JUDGE ]**

18

Plaintiffs,

v.

19

20

21

22

COUNTY OF LOS ANGELES,
SHERIFF ALEX VILLANUEVA;
JONATHAN E. SHERIN, and DOES 1
through 10, inclusive,

23

Defendants.

24

25

26

27

28

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

-1-

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation for Protective Order ("Stipulation") filed on May 5, 2022, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraph 1 of the Stipulation.

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

Plaintiffs MARCO ANTONIO VAZQUEZ, SR.; LETICIA MOSQUEDA VAZQUEZ; CHRISTINA ELENA VAZQUEZ; MARIANA CONCEPCION VAZQUEZ; RAYLENE YVETTE COSIO; NAOMI MICHELLE COSIO; CHRISTOPHER JOEL VAZQUEZ; J.L.V. AND M.A.V., by and through their guardian ad litem CHRISTINA ELENA VAZQUEZ, and Defendants COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA; JONATHAN E. SHERIN, and DOES 1 through 10, by and through their respective counsel, hereby stipulate and agree as follows:

1.   **PURPOSES AND LIMITATIONS**

Discovery in this **civil rights action alleging excessive force and wrongful death against law enforcement officers** is likely to involve production of confidential, proprietary or private information for which special protection from

---

[1]    The Court's additions to the agreed terms of the Stipulation are indicated in bold.

1  public disclosure and from use for any purpose other than prosecuting this litigation

2  may be warranted.

3      Accordingly, the parties hereby stipulate to and petition the Court to enter the

4  following Stipulated Protective Order. The parties acknowledge that this Order does

5  not confer blanket protections on all disclosures or responses to discovery and that

6  the protection it affords from public disclosure and use extends only to the limited

7  information or items that are entitled to confidential treatment under the applicable

8  legal principles.

9      The parties further acknowledge, as set forth in Section 12.3, below, that this

10  Stipulated Protective Order does not automatically entitle them to file confidential

11  information under seal and that Local Civil Rule 79-5 sets forth the procedures that

12  must be followed and the standards that will be applied when a party seeks

13  permission from the Court to file material under seal. The parties agree that this

14  protective order does not waive the parties' rights to object to discovery demands or

15  requests for documents and/or information.

16      **2.**    **DEFINITIONS**

17      **2.1**  **Action**: Vazquez, et al. v. County of Los Angeles, et al. 2:20-cv-01527.

18      **2.2**  **Challenging Party**: A Party or Non-Party that challenges the

19  designation of information or items under this Order.

20      **2.3**  **"CONFIDENTIAL" Information or Items:** Information (regardless

21  of how it is generated, stored or maintained) or tangible things that a Designating

22  Party believes is entitled to confidential treatment under Federal Rule of Civil

23  Procedure 26(c), and as specified above in the Purposes and Limitations Statement.

24  This also includes (1) any information copied or extracted from the Confidential

25  information; (2) all copies, excerpts, summaries, abstracts or compilations of

26  Confidential information; and (3) any testimony, conversations, or presentations that

27  might reveal Confidential information.

28      ///

-- 2 --
STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

**2.4**   **Counsel**: Counsel of record for the parties to this civil litigation and their support staff.

**2.5**   **Designating Party**: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.6** **Disclosure or Discovery Material:** All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

**2.7**   **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.8**   **Final Disposition**: When this Action has been fully and completely terminated by way of settlement, dismissal, trial and/or appeal.

**2.9**   **House Counsel**: Attorneys other than Counsel (as defined in paragraph 2.4) and who are employees of a party to this Action.

**2.10**   **Non-Party**: Any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

**2.11**   **Outside Counsel of Record**: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

**2.12**   **Party**: Any party to this Action, including all of its officers, directors, boards, departments, divisions, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.13**   **Producing Party**: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

1    **2.14** **Professional Vendors**: Persons or entities that provide litigation
2  support services (e.g., photocopying, videotaping, translating, preparing exhibits or
3  demonstrations, and organizing, storing, or retrieving data in any form or medium)
4  and their employees and subcontractors.

5    **2.15** **Protected Material**: Any Disclosure or Discovery Material that is
6  designated as "CONFIDENTIAL."

7    **2.16** **Receiving Party**: A Party that receives Disclosure or Discovery
8  Material from a Producing Party.

9  **3.**   **SCOPE**

10    The protections conferred by this Stipulation and Order cover not only
11  Protected Material (as defined above), but also (1) any information copied or
12  extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or
13  compilations of Protected Material; and (3) any deposition testimony, conversations,
14  or presentations by Parties or their Counsel that might reveal Protected Material.

15    Any use of Protected Material at trial shall be governed by the orders of the
16  trial judge. This Order does not govern the use of Protected Material at trial.

17

18  **4.**   **DURATION**

19    Once a trial commences in this Action, information that was designated as
20  CONFIDENTIAL or maintained pursuant to this protective order and that is
21  introduced or admitted as an exhibit at trial becomes public and will be
22  presumptively available to all members of the public, including the press, unless
23  compelling reasons supported by specific factual findings to proceed otherwise are
24  made to the trial judge in advance of the trial. See *Kamakana v. City and County of*
25  *Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause"
26  showing for sealing documents produced in discovery from "compelling reasons"
27  standard when merits-related documents are part of court record). Accordingly, the
28  terms of this protective order do not extend beyond the commencement of the trial

1  as to the CONFIDENTIAL information and materials introduced or admitted as an

2  exhibit at trial.

3

4  5.    **DESIGNATING PROTECTED MATERIAL**

5       **5.1    Exercise of Restraint and Care in Designating Material for**

6  **Protection.**

7       Each Party or Non-Party that designates information or items for protection

8  under this Order must take care to limit any such designation to specific material

9  that qualifies under the appropriate standards. The Designating Party must designate

10 for protection only those parts of material, documents, items or oral or written

11 communications that qualify so that other portions of the material, documents, items

12 or communications for which protection is not warranted are not swept unjustifiably

13 within the ambit of this Order.

14      Mass, indiscriminate or routinized designations are prohibited. Designations

15 that are shown to be clearly unjustified or that have been made for an improper

16 purpose (e.g., to unnecessarily encumber the case development process or to impose

17 unnecessary expenses and burdens on other parties) may expose the Designating

18 Party to sanctions.

19      If it comes to a Designating Party's attention that information or items that it

20 designated for protection do not qualify for protection, that Designating Party must

21 promptly notify all other Parties that it is withdrawing the inapplicable designation.

22      **5.2    Manner and Timing of Designations.**   Except as otherwise provided

23 in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

24 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

25 under this Order must be clearly so designated before the material is disclosed or

26 produced.

27      ///

28      ///

1   Designation in conformity with this Order requires:

2   (a) for information in documentary form (e.g., paper or electronic documents,

3   but excluding transcripts of depositions or other pretrial or trial proceedings), that

4   the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or words of

5   a similar effect, and that includes the case name and case number (hereinafter

6   "CONFIDENTIAL legend"), to each page that contains protected material. If only a

7   portion of the material on a page qualifies for protection, the Producing Party also

8   must clearly identify the protected portion(s) (e.g., by making appropriate markings

9   in the margins).

10   A Party or Non-Party that makes original documents available for inspection

11   need not designate them for protection until after the inspecting Party has indicated

12   which documents it would like copied and produced. During the inspection and

13   before the designation, all of the material made available for inspection shall be

14   deemed "CONFIDENTIAL." After the inspecting Party has identified the

15   documents it wants copied and produced, the Producing Party must determine which

16   documents, or portions thereof, qualify for protection under this Order. Then, before

17   producing the specified documents, the Producing Party must affix the

18   "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

19   portion of the material on a page qualifies for protection, the Producing Party also

20   must clearly identify the protected portion(s) (e.g., by making appropriate markings

21   in the margins).

22   (b) for testimony given in depositions that the Designating Party identifies the

23   Disclosure or Discovery Material on the record, before the close of the deposition all

24   protected testimony.

25   (c) for information produced in some form other than documentary and for

26   any other tangible items, that the Producing Party affix in a prominent place on the

27   exterior of the container or containers in which the information is stored the legend

28

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

1   "CONFIDENTIAL." If only a portion or portions of the information warrants

2   protection, the Producing Party, to the extent practicable, shall identify the protected

3   portion(s).

4         **5.3**    **Inadvertent Failures to Designate.** If timely corrected, an inadvertent

5   failure to designate qualified information or items does not, standing alone, waive

6   the Designating Party's right to secure protection under this Order for such material.

7   Upon timely correction of an inadvertent failure to designate, the Receiving Party

8   must make reasonable efforts to assure that the material is treated in accordance

9   with the provisions of this Order.

10

11   **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

12         **6.1**    **Timing of Challenges.** Any Party or Non-Party may challenge a

13   designation of confidentiality at any time that is consistent with the Court's

14   Scheduling Order.

15         **6.2**    **Meet and Confer**. The Challenging Party shall initiate the dispute

16   resolution process under Local Rule 37.1 et seq.

17         **6.3**    The burden of persuasion in any such challenge proceeding shall be on

18   the Designating Party. Frivolous challenges, and those made for an improper

19   purpose (e.g., to harass or impose unnecessary expenses and burdens on other

20   parties) may expose the Challenging Party to sanctions. Unless the Designating

21   Party has waived or withdrawn the confidentiality designation, all parties shall

22   continue to afford the material in question the level of protection to which it is

23   entitled under the Producing Party's designation until the Court rules on the

24   challenge.

25

26   **7.**      **ACCESS TO AND USE OF PROTECTED MATERIAL**

27         **7.1**    **Basic Principles**. A Receiving Party may use Protected Material that is

28   disclosed or produced by another Party or by a Non-Party in connection with this

1   Action only for prosecuting, defending or attempting to settle this Action. Such

2   Protected Material may be disclosed only to the categories of persons and under the

3   conditions described in this Order. When the Action has been terminated, a

4   Receiving Party must comply with the provisions of section 13 below (FINAL

5   DISPOSITION).

6        Protected Material must be stored and maintained by a Receiving Party at a

7   location and in a secure manner that ensures that access is limited to the persons

8   authorized under this Order.

9        **7.2  Disclosure of "CONFIDENTIAL" Information or Items**. Unless

10   otherwise ordered by the court or permitted in writing by the Designating Party, a

11   Receiving Party may disclose any information or item designated

12   "CONFIDENTIAL" only to:

13        (a) the Receiving Party's Counsel of Record in this Action, as well as

14   employees of said Counsel of Record to whom it is reasonably necessary to disclose

15   the information for this Action;

16        (b) Experts (as defined in this Order) of the Receiving Party to whom

17   disclosure is reasonably necessary for this Action and who have signed the

18   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19        (c) the court and its personnel;

20        (d) court reporters and their staff;

21        (e) professional jury or trial consultants, mock jurors, and Professional

22   Vendors to whom disclosure is reasonably necessary for this Action and who have

23   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

24        (f) the author or recipient of a document containing the information or a

25   custodian or other person who otherwise possessed or knew the information;

26        (g) during their depositions, witnesses, and attorneys for witnesses, in the

27   Action to whom disclosure is reasonably necessary provided: (1) the deposing party

28   requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they

will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.3.   Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until sixty (60) days after this litigation has become final, including any appellate review, and monitoring of an injunction. Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel. If an issue arises regarding a purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Designating Party, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

8.   **PROTECTED   MATERIAL   SUBPOENAED   OR   ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

1  or order is subject to this Protective Order. Such notification shall include a copy of

2  this Stipulated Protective Order; and

3        (c) cooperate with respect to all reasonable procedures sought to be pursued

4  by the Designating Party whose Protected Material may be affected.

5        If the Designating Party timely seeks a protective order in the action in which

6  the subpoena or order was issued, the Party served with the subpoena or court order

7  shall not produce any information designated in this action as "CONFIDENTIAL"

8  before a determination by the court from which the subpoena or order issued, unless

9  the Party has obtained the Designating Party's permission. The Designating Party

10  shall bear the burden and expense of seeking protection in that court of its

11  confidential material – and nothing in these provisions should be construed as

12  authorizing or encouraging a Receiving Party in this action to disobey a lawful

13  directive from another court.

14

15  **9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**

16  **PRODUCED IN THIS LITIGATION**

17        (a) The terms of this Order are applicable to information produced by a Non-

18  Party in this Action and designated as "CONFIDENTIAL." Such information

19  produced by Non-Parties in connection with this litigation is protected by the

20  remedies and relief provided by this Order. Nothing in these provisions should be

21  construed as prohibiting a Non-Party from seeking additional protections.

22        (b) In the event that a Party is required, by a valid discovery request, to

23  produce a Non-Party's confidential information in its possession, and the Party is

24  subject to an agreement with the Non-Party not to produce the Non-Party's

25  confidential information, then the Party shall:

26              (1) promptly notify in writing the Requesting Party and the Non-Party

27                 that some or all of the information requested is subject to a

28                 confidentiality agreement with a Non-Party;

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

1    (2) promptly provide the Non-Party with a copy of the Stipulated

2    Protective Order in this Action, the relevant discovery request(s), and a

3    reasonably specific description of the information requested; and

4    (3) make the information requested available for inspection by the Non-

5    Party, if requested.

6    (c) If the Non-Party fails to seek a protective order from this court within 14

7    days of receiving the notice and accompanying information, the Receiving Party

8    may produce the Non-Party's confidential information responsive to the discovery

9    request.

10    If the Non-Party timely seeks a protective order, the Receiving Party shall not

11    produce any information in its possession or control that is subject to the

12    confidentiality agreement with the Non-Party before a determination by the court.

13    Absent a court order to the contrary, the Non-Party shall bear the burden and

14    expense of seeking protection in this court of its Protected Material.

15

16    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

17    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

18    Protected Material to any person or in any circumstance not authorized under this

19    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

20    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

21    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

22    persons to whom unauthorized disclosures were made of all the terms of this Order,

23    and (d) request such person or persons to execute the "Acknowledgment and

24    Agreement to Be Bound" that is attached hereto as Exhibit A.

25    ///

26    ///

27    ///

28    ///

-- 11 --
STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

**11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    **MISCELLANEOUS**

**12.1   Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2   Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**12.3   Filing Protected Material**. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

///

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

**13.   FINAL DISPOSITION**

After the FINAL DISPOSITION of this Action, as defined in paragraph 2.8, within 30 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, discovery, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

**14.   VIOLATION**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

///

///

///

///

///

///

-- 13 --

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

CARRILLO LAW FIRM, LLP

DATED:  April 22, 2022

By: /s/ J. Miguel Flores
_____
MICHAEL S. CARRILLO
J. MIGUEL FLORES
ATTORNEYS FOR PLAINTIFFS

DATED: April 22, 2022          CARPENTER, ROTHANS & DUMONT

By: /s/ Scott J. Carpenter
_____
JILL WILLIAMS
SCOTT J. CARPENTER
ATTORNEYS FOR DEFENDANTS
COUNTY OF LOS ANGELES ET AL.

## ATTESTATION REGARDING SIGNATURES

I, J. Miguel Flores, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: __/s/__ J. Miguel Flores_____
J. MIGUEL FLORES

*IT IS SO ORDERED.*

Dated: May 6, 2022          By: _____
HONORABLE KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

-- 14 --
STIPULATION RE: [PROPOSED] PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Vazquez, et al. v. County of Los Angeles, et al., United States District Court Case No. 2:20-cv-1527-DSF-KSx. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATION RE: [PROPOSED] PROTECTIVE ORDER