**OLIVER LAW CENTER, INC.**
Dana J. Oliver, Esq. (SBN 291082)
8780 19th Street, #559
Rancho Cucamonga, CA 91701
Tel: (855) 384-3262
Fax: (888) 570-2021
Email: dana@danaoliverlaw.com

Attorneys for Nominal Defendants
M.E.V. and MARK ANTHONY VAZQUEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MARCO ANTONIO VAZQUEZ, SR.; LETICIA MOSQUEDA VAZQUEZ; CHRISTINA ELENA VAZQUEZ; MARIANA CONCEPCION VAZQUEZ; RAYLENE YVETTE COSIO; NAOMI MICHELLE COSIO; CHRISTOPHER JOEL VAZQUEZ; J.L.V. AND M.A.V., by and through their guardian ad litem CHRISTINA ELENA VAZQUEZ,**<br><br>               **Plaintiffs,**<br><br>v.<br><br>**COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA; JONATHAN E. SHERIN, and DOES 1 through 10, inclusive,**<br><br>               **Defendants.** | Case No. 2:20-cv-1527-DSF-KSx<br><br>**NOTICE OF UNOPPOSED EX PARTE PETITION AND UNOPPOSED EX PARTE PETITION FOR ORDER APPROVING MINORS' COMPROMISE' MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANA J. OLIVER IN SUPPORT; DECLARATION OF MARIAN MICHELLE VALVA; [PROPOSED] ORDER** |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORDS, PLEASE TAKE NOTICE THAT** Petitioner Marian Michelle Valva, mother and Guardian *Ad Litem* for the minor Plaintiff, M.E.V., by and through Plaintiff's counsel, Dana J. Oliver, will and hereby does petition this Court, *ex parte*, for an Order Approving the settlement of the claims of the minor Nominal Defendant

M.E.V.

Petitioner makes this application under the Federal Rule of civil Procedure 17(c)(2), Local Rule 83-5.1, Local Rule 83-5.3, and California Code of Civil Procedure 372. The grounds for this application are set forth in the attached Memorandum of Points and Authorities and Declaration of Dana J. Oliver.

Prior to filing this *ex parte* petition, I contacted defense counsel in compliance with Local Rule 7-19 through 7-19.1. Defense counsel is:

Jill Williams, Esq.
Scott J. Carpenter, Esq.
CARPENTER, ROTHANS & DUMONT
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel: (213) 228-0400 - Fax: (213) 228-0401
Emails: jwilliams@crdlaw.com; scarpenter@crdlaw.com

On September 23, 2025, I contacted Defense counsel to inquire if they would oppose the filing of this petition and Ms. Williams stated that they **do not oppose** the filing of this petition and take no position on the settlement monies between Plaintiffs and their counsel. See Declaration of Dana J. Oliver in Support of Unopposed *Ex Parte* Application for Approval of Minor's Compromise ("Oliver Decl.") at ¶ 3.

///
///
///
///
///
///
///
///
///
///
///

1    The reason for seeking approval of the minor's compromise on an *ex parte* basis is

2    due to the annuity purchase date currently set for October 29, 2025 for the plaintiffs and

3    minors and to allow my client to move on with her life.

4

5    Respectfully submitted,

6

7    DATED:  September 23, 2025,                    OLIVER LAW CENTER, INC.

8

9                    BY:    _____

10                          DANA J. OLIVER, ESQ.
                            Attorney for Nominal Defendants

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PETITION FOR APPROVAL OF MINOR'S COMPROMISE

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Marian Michelle Valva, mother and guardian *ad litem* for the minor Nominal Defendant M.E.V., hereby submits a proposed order for approval of the minor's compromise in this matter, and requests that the Court approve the proposed distributions of the settlement funds for the benefit of the minor M.E.V.

The instant claims arise out of the wrongful death of Marco Antonio Vazquez, Jr., the minors' father, after deputies from the Los Angeles County Sheriff's Department shot and killed him in the presence of his family members. The Plaintiffs in this action are Decedent's wife, Christina Elena Vazquez, their five children, Mariana Concepcion Vazquez, Raylene Yvette Cosio, Naomi Michelle Cosio, J.L.V. and M.A.V., Decedent's parents, Marco Antonio Vazquez, Sr. and Leticia Mosqueda Vazquez, and Decedent's brother, Christopher Joel Vazquez. There are two Nominal Defendants/Counterclaimants, M.E.V. and Mark Anthony Vazquez-Escobar (also referred to in some filings as Mark Escobar Vazquez; properly Mark Vazquez-Escobar). M.E.V. and Mark Vazquez-Escobar are represented by my office.

The parties agreed to settle the case following mediation with Hon. Joseph S. Biderman (Ret.). The allocation and the division between the Plaintiffs, as well as the minors compromise petition, have been resolved as of September 18, 2025, by this court in Dkt. #127. The two Nominal Defendants/Counterclaimants that I represent are: M.E.V. and Mark Escobar Vazquez who are part of this action.  They will be receiving $20,000.00 with each to receive $10,000.00 as the gross amount.  This amount shall be paid by the attorneys for the Plaintiffs, Dale K. Galipo and Carrillo Law Firm, from the attorney's fees earned by counsel for Plaintiffs.

Local Rule 83-5.1 provides that "[i]nsofar as practicable, hearings on petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of

Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Petitioners hereby provide and disclose the required information in this memorandum and the attached Declaration of Dana J. Oliver.

## II. DISCUSSION

### A. Procedural Framework

District courts have a special duty, derived from the Federal Rule of Civil Procedure 17(c) to safeguard the interests of litigants who are minors. Rule 17(c) provides, in relevant part, that a district court "must appoint a guardian *ad litem* - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c). In general, all transactions involving the claims of minors and their proceeds are subject to court approval.

The Local Rules provide the applicable procedural framework. Local Rule 17-1.2 provides that no claim involving a minor "shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." Local Rule 17-1.3 provides that "[i]nsofar as practicable, hearings on petitions to settle compromise or dismiss a claim in action involving a minor or incompetent person shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384." These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts. California Rule of Court 3.1384 provides that "[a] petition for court approval of a compromise or covenant not to sue under Code of Civil Procedure section 372 must comply with rules 7.950, 7.951, and 7.952." Finally, Local Rule 17-1.5 provides that in all cases involving the claims of minors, "the Court shall fix the amount of attorney's fees."

Because M.E.V. is a minor, her guardian *ad litem*, proposes to deposit this money into a minors blocked trust account which will be accessible to the minor upon the minor turning 18 years of age.

Accordingly, pursuant to the above Local Rule, Petitioner and attorney make the following disclosure and request that the Court approve the following transactions:

**B.     Disclosures pursuant to California Rule of Court 7.950**

(1)     Petitioner is Marian Michelle Valva (for minor M.E.V.). Petitioner is the natural mother and guardian for M.E.V.

(2)     The minor subject to this petition is minor M.E.V.

(3)     The age and gender of the claimants are as follows: M.E.V. is a 16-year-old female.

(4)     The nature of the Plaintiffs' claim is set forth in the operative complaint, the Fourth Amended Complaint filed in this action (Dkt #84).  The nature of the Answer and Counterclaim by my clients is contained within Dkt. 91.

(5)     The claimant has not received medical treatment in connection with this case.

(6)     Medical billing is not relevant.

(7)     The gross amount of the settlement that will be paid to my clients is $20,000 with $10,000 payable to M.EV. I am not requesting attorney fees.

(8)     I do not seek reimbursement for litigation costs expended on behalf of the minor.

(9)     In summary, the gross amount of the settlement of the minor's claim is $10,000.00. The total net settlement due to M.E.V. is $10,000.00. It is proposed that for M.E.V., the total net settlement is to be deposited into a minors blocked trust account.

The guardian *ad litem,* Marian Michelle Valva, believes that this is in the best interests of M.E.V and understands that she is not entitled to any portion of the funds and will immediately deposit the funds into the minors blocked trust account.

(10)     The Petitioner and guardian *ad litem* have no claims against the minor M.E.V. in connection with the subject incident.

(11)     California Welfare and Institutions Code Section 14124.73 does not apply.

**C.     Disclosures pursuant to California Rule of Court 7.951**

(1) This petition was prepared by attorney Dana J. Oliver (California Bar Number

291082), of the Oliver Law Center, Inc., located at 8780 19th Street, #559, Rancho
Cucamonga, CA 91701.

(2) Oliver Law Center, Inc., did not become concerned with this matter at the instance
of any party against whom the claim of said minors is asserted.

(3) Oliver Law Center, Inc., represents the Nominal Defendants/Counterclaimants in
this matter, but are not employed by any other party or any insurance carrier involved in the
matter.

(4) Oliver Law Center, Inc., has already been compensated for its services in
connection with this matter by a third party and will not seek or receive any fees, costs, or
compensation from the proceeds of this minor's compromise.

(5) Oliver Law Center, Inc., does not expect to receive any additional compensation
for its services in connection with this case.

(6) Oliver Law Center, Inc., accepted this engagement on an hourly fee basis pursuant
to a written retainer agreement dated April 7, 2023. All fees due under that agreement have
been paid, and no contingency fee applies.

## D.    Movant's Endorsement

Petitioner has made a careful and diligent inquiry and investigation to ascertain the
facts relating to the incident giving rise to the minor's claim, the parties responsible for the
incident, and the nature, extent, and seriousness of the incident. Petitioner further
understands the transactions proposed in this Petition and requests that the Court approves it.

Petitioner recommends the transactions and the proposed distribution to the
minors as being fair, reasonable, and in the best interest of the minors, and request that the
Court approve this Petition and make such other and further orders as may be just and
reasonable.

For M.E.V. Petitioner, Marian Michelle Valva, specifically requests that the Court
enter an order approving the deposit into blocked trust account at a local bank.

## E.    Attorney's Fees and Minor Plaintiff

Local Rule 17-1.5 provides that in call cases involving the claims of minors, "the

Court shall fix the amount of attorney's fees." See also Local Rule 83-5.3 (identical rule effective June 1, 2012, superseded by current rule). Oliver Law Center, Inc., has already been fully compensated under its hourly retainer agreement and does not seek any attorney's fees from the proceeds of this minor's compromise.

### III.    CONCLUSION

For the reasons above, the Court should approve the proposed settlement of the minor's claim and enter the proposed disbursement orders submitted concurrently herewith.

Respectfully submitted,

DATED:  September 23, 2025          **OLIVER LAW CENTER, INC.**

BY:  _____
                                                DANA J. OLIVER, ESQ.
                                                Attorneys for Nominal Defendants

### DECLARATION OF DANA J. OLIVER

I, Dana J. Oliver, hereby declare as follows:

1.      I am an attorney licensed to practice law in this United States District Court. I am one of the attorneys of record for Mark Anthony Vazquez and M.E.V. and her guardian *ad litem* in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in support of the above motion.

2.      Prior to the filing of this *ex parte* application, I contacted defense counsel in compliance with Local Rule 7-19 through 7-19.1. Defense counsel is:

Jill Williams, Esq.
Scott J. Carpenter, Esq.
CARPENTER, ROTHANS & DUMONT
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
Tel: (213) 228-0400 - Fax: (213) 228-0401
Emails: jwilliams@crdlaw.com, scarpenter@crdlaw.com

3.      On September 23, 2025, I contacted defense counsel, Jill Williams, Esq., to inquire if the defense would not oppose the filing of an *ex parte* filing of a Petition for approval of the minor's compromise and settlement. Ms. Williams indicated that the defense has no opposition to the filing of this petition and that defendants take no position on how the settlement monies are allocated between the plaintiffs and their counsel. The reason for seeking approval of the minor's compromise on an *ex parte* basis is to ensure that the rates currently locked in by the life insurance companies for the annuity structured payment schedules for the plaintiffs and also to allow my client, M.E.V. to move on from this case and to move on with her life.  M.E.V. wishes to have closure on the incident that has severely affected the entire family.

4.      Petitioner is the *guardian* ad *litem* for minor M.E.V. Petitioner has retained my office to represent her child regarding any potential claims related to the County of Los Angeles or as against the Plaintiffs. The instant claims arise out of the wrongful death of Marco Antonio Vazquez, Jr., the minors' father, after officers from Los Angeles County

Sheriff's Department shot and killed him in the presence of his family members on October
6, 2019.

5.     The Plaintiffs in this action are Decedent's wife, Christina Elena Vazquez, their
five children, Mariana Concepcion Vazquez, Raylene Yvette Cosio, Naomi Michelle Cosio,
J.L.V. and M.A.V., Decedent's parents, Marco Antonio Vazquez, Sr. and Leticia Mosqueda
Vazquez, and Decedent's brother, Christopher Joel Vazquez. There are two Nominal
Defendants/Counterclaimants, M.E.V. and Mark Anthony Vazquez-Escobar, who are
represented by my office.

6.     The parties agreed to settle the case following mediation with Hon. Joseph S.
Biderman (Ret.). The allocation and the division between the Plaintiffs, as well as the minors
compromise petition, have been resolved as of September 18, 2025, by this court in Dkt.
#127. The two Nominal Defendants/Counterclaimants that I represent are: M.E.V. and Mark
Escobar Vazquez who are part of this action.  They will be receiving $20,000.00 with each to
receive $10,000.00 as the gross amount.  This amount shall be paid by the attorneys for the
Plaintiffs, Dale K. Galipo and Carrillo Law Firm, from the attorney's fees earned by counsel
for Plaintiffs.

7.     Petitioner is Marian Michelle Valva, who is the natural mother and court-
appointed guardian *ad litem* for the minor, M.E.V. The age and gender of the claimant is as
follows M.E.V. is a 16-year-old female.

8.     The nature of the Plaintiffs' claim is set forth in the operative complaint, the
Fourth Amended Complaint filed in this action (Dkt #84).  The nature of the Answer and
Counterclaim by my clients is contained within Dkt. 91.

9.     My client has not received medical treatment in connection with this case and
medical billing is not relevant.

10.     The moving guardian ad *litem* does not have any claims against the minor
M.E.V. in connection with the subject incident.  The guardian *ad litem* also understands that
she is not entitled to any portion of her children's settlement funds and that such funds
belong to her minor child.

11.     My clients will be receiving $20,000.00 with each to receive $10,000.00 as the gross amount.  This amount shall be paid by the attorneys for the Plaintiffs, Dale K. Galipo and Carrillo Law Firm, from the attorney's fees earned by counsel for Plaintiffs.

12.     Oliver Law Center, Inc. has already been fully compensated under its hourly retainer agreement dated April 7, 2023. No attorney's fees are sought from the minor's recovery.

13.     Oliver Law Center, Inc. does not seek reimbursement of any litigation costs from the minor's recovery.

14.     Upon Court approval, the entire $10,000 allocated to M.E.V. will be deposited into a minor's blocked trust account at a local bank, to be accessible when she turns 18 years of age.

15.     Petitioner and M.E.V. are represented by the Oliver Law Center, Inc., located at 8780 19th Street, #559, Rancho Cucamonga, CA 91701.  Oliver Law Center, Inc., did not become concerned with this matter at the instance of any party against whom the claims are asserted or of any party's insurance carrier.

16.     Oliver Law Center, Inc., is not employed by any other party, or any insurance carrier involved in the matter at the instance of any party against whom the claims are asserted or of any party's insurance carrier.

17.     Oliver Law Center, Inc. has already been compensated by a third party and will not seek or receive any compensation from the proceeds of this minor's compromise.

18.     Oliver Law Center, Inc. does not expect to receive any additional compensation for its services in connection with this case.

19.     Oliver Law Center, Inc. was retained on an hourly basis and has been fully paid. No contingency fee applies.

20.     Petitioner has helped make a careful and diligent inquiry and investigation to ascertain the facts relating to witnesses and their factual basis, which gave rise to the minor's claims, and the parties responsible for the incident.  Petitioner further understands the transactions proposed in this petition, and requests that the Court approve it.

21.    Petitioner recommends to the Court that these transactions and the proposed distribution to the minor as being fair, reasonable, and in the best interests of the minor and requests that the Court approve them and make such other and further orders as may be just and reasonable.

22.    Petitioner requests that the Court enter an order approving the deposit of the net amount into a minors blocked trust account at a local bank which will be accessible to M.E.V. when she turns 18 years old.

23.    The parties mediated this case with Hon. Joseph Biderman (Ret.) which resulted in a settlement in this matter. The settlement was contingent upon the approval of the Los Angeles County Board of Supervisors. That approval has taken place and we wish to conclude this matter.

24.    This case involved a substantial amount of risk and as representing the nominal defendants and counterclaimants, there was no guarantee that any recovery would result because my clients were not named plaintiffs.

25.    In my professional opinion, this result was a fair outcome given the facts and circumstances of this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this September 23, 2025, in Rancho Cucamonga, California.


BY:  _____
      DANA J. OLIVER, ESQ.